Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@sdsualumni.org
(951) 769-1268
*Plaintiff-Appellant*
*In Propria Persona*

**NUNC PRO TUNC**
APR 0 7 2008

FILED
08 APR 11 AM 11: 21
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Paul Hupp,

    Plaintiff, Appellant

vs.

Educational Credit Management Corporation,
    Defendant, Appellee

) Case No.: 08-cv-00414-H
)
) {BK No.: 06-00198-JM7}
) {Adv. Pro. No.: 06-90127-JM7}
)
) PLAINTIFF PAUL HUPP'S MOTION FOR
) CERTIFICATION FOR DIRECT APPEAL
) TO THE 9TH CIRCUIT COURT OF
) APPEALS; OR ALTERNATIVELY LEAVE
) TO FILE INTERLOCUTORY APPEAL
)
) Action Filed: March 3, 2008
) Hon.: Marilyn Huff
) Hearing Date: May 5, 2008
) Time: 10:30AM
) Dept.: Courtroom 13, 5th Floor

I.
Introduction

This appeal arises from an Adversary Proceeding ("AP") commenced by Paul Hupp ("Mr. Hupp", "Plaintiff") on February 8, 2006 in the United States Bankruptcy Court for the Southern District of California.

On February 25, 2008 Plaintiff had an adverse ruling entered in his AP and filed an appeal on February 25, 2008.

///

## II.
## Argument

On April 2, 2008, <u>37 days after this appeal was filed</u>, Judge James Meyers improperly denied certification for direct appeal of this case to the 9th Circuit. Plaintiff believes this was intentional to interfere with due process rights (a common occurrence at the trial court level and a large part of plaintiff's case/issues on appeal).

As outlined in the 2005 revisions of the F.R.C.P., this route for appeal is specifically written for the types of issues Mr. Hupp has raised in the bankruptcy court, issues of first impression in the 9th Circuit or nationwide. The fact these issues are of public importance, affecting the health, safety and welfare of the general public further buttresses the fact that this case is proper for a direct appeal.

The District Court can treat this motion as an appeal of Judge Meyer's refusal to certify the case, or it can allow an interlocutory appeal allowing the 9th Circuit to determine, using their *discretionary* power, if they will take the case directly from the bankruptcy court.

## III.
## Conclusion

Mr. Hupp respectfully asks this court to certify his appeal, or alternatively allow him leave to file an interlocutory appeal to the 9th Circuit so *they* can determine whether or not to hear this case directly.

///

///

///

*[signature: Paul]*

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@sdsualumni.org
(951) 769-1268
*Plaintiff-Appellant*
*In Propria Persona*