Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@sdsualumni.org
(951) 769-1268
*Plaintiff-Appellant*
*In Propria Persona*

FILED
08 APR 15 AM 9:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

NUNC PRO TUNC
APR 0 8 2008

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp,<br><br>　　　Plaintiff, Appellant<br><br>　　vs.<br><br>Educational Credit Management Corporation,<br>　　　Defendant, Appellee | Case No.: 08-cv-00414-H<br><br>{BK No.: 06-00198-JM7}<br>{Adv. Pro. No.: 06-90127-JM7}<br><br>PLAINTIFF PAUL HUPP'S POINTS AND AUTHORITIES FOR CERTIFICATION FOR DIRECT APPEAL TO THE 9TH CIRCUIT COURT OF APPEALS; OR ALTERNATIVELY LEAVE TO FILE INTERLOCUTORY APPEAL<br><br>Action Filed: March 3, 2008<br>Hon.: Marilyn Huff<br>Hearing Date: May 5, 2008<br>Time: 10:30AM<br>Dept.: Courtroom 13, 5th Floor |

I.

Introduction

Plaintiff Paul Hupp ("Plaintiff", "Mr. Hupp"), *In Propria Persona*, hereby submits his points and authorities in support of certification from this court under 28 U.S.C. §158 (d)(2)(A) for direct appeal to the 9th Circuit Court of Appeals citing the requirements listed under 28 U.S.C. §158 (d)(2)(A)(i) and Fed.R.Bankr.P. 8001(f)(3)(C)(i-v).

///

///

## II.

### A. CERTIFICATION MUST BE MADE BY DISTRICT COURT AFTER CASE HAS BEEN DOCKETED

A certification for direct appeal to the 9th Circuit under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L.109-8, 119 Stat.203 (2005) ("BAPCPA") is silent on where the certification should be made, in the bankruptcy court or the district court. The interim bankruptcy rules (adopted in the 9th Circuit) provide guidance. While the case is pending in the bankruptcy court certification should be made by the bankruptcy court[1]. But once an appeal has been docketed in the district court the certification must come from the district court[2].

In this case the bankruptcy court denied certification without prejudice on April 2, 2008, but since the bankruptcy court did not have jurisdiction on April 2, 2008, that order should be considered void.

Plaintiff filed an amended request for certification, similar to this one, with the bankruptcy court on April 4, 2008 to preserve the privilege for certification.

### B. CERTIFICATION REQUIREMENTS

Argument Supporting Certification By Complying With F.R.B.P. 8001(f)(3)(C)(i-v) And 28 U.S.C. §158 (d)(2)(A)(i) Requirements

F.R.B.P. 8001(f)(3)(C)(i)

The facts necessary to understand the questions presented are very simple, is Title 11 U.S.C. § 523(a)(8), Title 20 U.S.C. § 1091a and supporting laws constitutional as applied to Mr. Hupp and other student loan debtors? Specifically, *inter alia*, does the non discharge of a government backed (or private) student loan under Title 11 U.S.C. § 523(a)(8) and Title 20 U.S.C. § 1091a allow unconscionable fees and penalties to be added, allows no statute of

---

[1] Interim Fed.R.Bank.P.8001 (f)(2)

[2] *Id*. 8001(f)(2)

limitations to be imposed, has no mechanism to discharge the student loan due to government or loan holder -misconduct and a host of other constitutional violations- stand up to the various constitutional challenges Mr. Hupp has made.

### F.R.B.P. 8001(f)(3)(C)(ii)

The main question is; will Title 11 U.S.C. § 523(a)(8) and Title 20 U.S.C. § 1091a, *inter alia*, pass various Constitutional challenges raised by Mr. Hupp. These Constitutional challenges include, but are not limited to, violations of;

1. No Statute of Limitations
2. Substantive Due Process
3. Procedural Due Process
4. Equal Protection
5. Government Misconduct
6. Loan Holder Misconduct
7. Excessive Fines
8. Vague, Ambiguous and Over Broadness
9. Unconscionable Contract
10. Frustration of Contract

### F.R.B.P. 8001(f)(3)(C)(iii)

Mr. Hupp seeks to have Title 11 U.S.C. § 523(a)(8) and Title 20 U.S.C. § 1091a, *inter alia*, declared unconstitutional based on the above violations.

### F.R.B.P. 8001(f)(3)(C)(iv)

The reason this appeal should be allowed is defined under Title 28 U.S.C. § 158(d)(2)(A)(i). It involves a question of law of first impression nationwide as to which there is no controlling decision from the Supreme Court of the Unites States or the 9th Circuit Court of

1  Appeals. Furthermore, it involves a matter of <u>public policy</u>, specifically; the public's health,
2  safety and welfare are at issue and is therefore of <u>public importance</u>.

3  <center><u>F.R.B.P. 8001(f)(3)(C)(v)</u></center>

4  The summary judgment motion and trial, on which this appeal is based, were heard on
5  November 29, 2007 and January 17, 2008. An order was entered on January 9th, 2008 denying
6  plaintiff's summary judgment motion, and an order was entered on February 25, 2008 denying
7  plaintiff relief and remedy at trial.

8  Attached as **Exhibit #1** is a true and correct order of Judge Meyers January 9, 2008 Order
9  denying Mr. Hupp's Motion for Summary Judgment on the constitutional issues stated herein.

10 <center>III.</center>
11 <center><u>Conclusion</u></center>

12 Mr. Hupp hereby respectfully requests that this court grant the Certification for Direct
13 Appeal based on the above facts, which raise very serious constitutional questions of law.

14 Dated this 5th day of April, 2008

16 Paul Hupp
   965 Hidden Oaks Drive
17 Beaumont, CA. 92223
   Paulhupp@sdsualumni.org
18 (951) 769-1268
   *Plaintiff-Appellant*
19 *In Propria Persona*

-4-  Paul Hupp
     P&A For Certification for Direct Appeal to 9th Circuit

# Exhibit #1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PAUL HUPP,<br><br>       Debtor. | Bankruptcy No. 06-00198-M7<br><br>Adversary No. 06-90127-M7 |
| PAUL HUPP,<br><br>       Plaintiff,<br>v.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORP.,<br><br>       Defendant. | ORDER |

  After review of the proposed order lodged by Timothy Burke on December 31, 2007, and the objection filed by Paul Hupp on January 2, 2008, the Court issues this Order in lieu of the proposed order lodged by Mr. Burke.

  After a hearing on November 29, 2007, and for the reasons stated orally on the record;

  IT IS ORDERED that:

  1) Intervenor United States of America's Motion to Strike Plaintiff's supplemental omnibus brief is granted;

2) Plaintiff's Motion for Summary Judgment is denied;

3) Trial in this proceeding is scheduled to begin at 10:00 a.m. on January 17, 2008. The trial is limited to the issue of undue hardship under 11 U.S.C. § 523(a)(8). Plaintiff bears the burden to prove that excepting the debt he owes to Defendant from his discharge would impose an undue hardship on the Plaintiff as that term has been defined by relevant case law in this Circuit.

4) Plaintiff and Defendant shall meet and confer by December 14, 2007, and file and exchange trial briefs, witness and exhibit lists and statements of issues by January 10, 2008.

Dated: JAN 0 9 2008

JAMES W. MEYERS, Judge
United States Bankruptcy Court