```
ENTERED   APR 3 0 2007
          FILED

      APR 2 7 2007

    CLERK, U.S. BANKRUPTCY COURT
  SOUTHERN DISTRICT OF CALIFORNIA
  BY                      DEPUTY
```

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 06-00198-B7 |
| | ) | Adv. No. 06-90127-B7 |
| PAUL HUPP, | ) | |
| | ) | |
| Debtor. | ) | ORDER OF RECUSAL |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| PAUL HUPP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES AID FUNDS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

On January 19, 2007 Plaintiff Hupp filed a motion to disqualify this judge from presiding over this adversary proceeding. After a hearing on February 26, 2007, that motion was denied. Events since that date, however, have caused this Court to question whether it can still be impartial and fair to

///

1   all parties, as it was confident it could on and before

2   February 26, 2007.

3        The seminal case in the subject matter area is <u>Liteky v.</u>

4   <u>United States</u>, 510 U.S. 540 (1994).  There, the Supreme Court

5   instructed that the routine and common impressions a judge forms

6   of a party within the four corners of a proceeding are a part of

7   the litigation process, and rarely form the basis for requiring

8   the judge's disqualification.  However, there may come a point in

9   the proceedings when the judge, upon careful reflection, is no

10  longer sure he or she can be disinterestedly fair to both sides

11  without tipping the scales against one side or disadvantaging the

12  other side by concern for bending over backwards to avoid tipping

13  the scales against the former.

14        In recent weeks, this case has gotten to that point.  For

15  that reason, at this time the Court elects to recuse itself from

16  further handling of this adversary proceeding, and the underlying

17  bankruptcy case.  The Clerk of Court is directed to reassign both

18  in accordance with the regular procedures of this district.  All

19  hearing dates set before this Court are hereby vacated, and

20  should be recalendared by the parties before the new assigned

21  judge.

22        IT IS SO ORDERED.

23  DATED:  APR 27 ...7

24

25                                  _____

26                                  PETER W. BOWIE, Chief Judge
                                    United States Bankruptcy Court

- 2 -

## UNITED STATES BANKRUPTCY COURT

### SOUTHERN DISTRICT OF CALIFORNIA

In re Adv. Case No. 06-90127-B7
Bankruptcy Case No. 06-00198-B7

### CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk
in the office of the United States Bankruptcy Court for the
Southern District of California, at San Diego, hereby
certifies that a true copy of the attached document, to wit:

ORDER OF RECUSAL

was enclosed in a sealed envelope bearing the lawful frank
of the Bankruptcy Judges and mailed to each of the parties
at their respective address listed below:

Plaintiff:

Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA  92223

Attorney for Defendant:

Timothy P. Burke, Esq.
Timothy P. Burke &
Associates
A Professional Corporation
1136 Fremont Avenue, Suite
108
South Pasadena, CA  91030

Attorneys for United States:

J. Reed Clay, Jr., Esq.
Peter Keisler, Esq.
J. Christopher Kohn, Esq.
Tracy J. Whitaker, Esq.
United States Department of
    Justice
Civil Division
P.O. Box 875
Ben Franklin Station
Washington, D.C.  20044

J. Reed Clay, Jr., Esq.
1100 L Street N.W., Room 10038
Washington, D.C. 20005

Said envelope(s) containing such document were deposited
by me in a regular United States mail box in the City of
San Diego, in said district on April 27, 2007.

Barbara J. Kelly, Judicial Assistant

CSD 3002 [05/04/99]

ENTERED _____  MAY - 2 2007
FILED

MAY - 2 2007

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

PAUL HUPP

                                    Debtor.

BANKRUPTCY NO.  06-00198-B7

PAUL HUPP

                                    Plaintiff(s)

ADVERSARY NO.  06-90127-B7

v.

EDUCATIONAL CREDIT MANAGEMENT CORP.

                                    Defendant(s)

### ORDER REFERRING ADVERSARY PROCEEDING FOR ALL FURTHER PROCEEDINGS

Under the provisions of Local Bankruptcy Rule 7003-1(c), the undersigned Judge hereby requests that Judge James W. Meyers assume jurisdiction to consider and act upon all further matters in the above-entitled adversary proceeding and there being no adverse interests represented;

**IT IS ORDERED** that the above-entitled adversary proceeding is hereby transferred to the calendar of Bankruptcy Judge James W. Meyers for all further matters and hearings.

**IT IS FURTHER ORDERED** that the Clerk of the United States Bankruptcy Court advise the plaintiff(s), defendant(s), their attorneys, if any, and all other parties in interest that failure to properly affix the appropriate adversary proceeding number now assigned to this adversary proceeding could cause documents and pleadings to be rejected, to wit:

ADVERSARY PROCEEDING NUMBER: 06-90127-B7

DATED:  APR 2 7 2007

Peter W. Bowie
Judge, United States Bankruptcy Court

The undersigned Judge hereby consents to the transfer of the above-entitled adversary proceeding to my calendar for all further matters and hearings.

DATED:  0 2 MAY 2007

James W. Meyers
Judge, United States Bankruptcy Court

cc:     Calendar Clerk for each Judge named above

CSD 3002

1  J. REED CLAY, JR.
   Trial Attorney
2  PETER KEISLER
   Assistant Attorney General
3  J. CHRISTOPHER KOHN
   TRACY J. WHITAKER
4  1100 L Street NW
   Rm. 10038
5  Washington, DC 20005

6  Corporate / Financial Litigation Section
   Commercial Litigation Branch
7  Civil Division
   U.S. Department of Justice
8  P.O. Box 875
   Ben Franklin Station
9  Washington, DC 20044
   (202) 307-0958
10

   Attorneys for:
11 UNITED STATES OF AMERICA

12                    UNITED STATES BANKRUPTCY COURT
                       SOUTHERN DISTRICT OF CALIFORNIA
13
   In re                              )   Case No. 06-00198-JM7
14                                    )   Adv. No. 06-90127-JM7
   PAUL HUPP,                         )
15                                    )   **OPPOSITION TO PLAINTIFF'S**
                         Debtor.      )   **OMNIBUS MOTION (filed May 16,**
16                                    )   **2007)**
                                      )
17                                    )
                                      )
18 _____  )
                                      )
19 PAUL HUPP,                         )
                                      )
20                       Plaintiff,   )
                                      )
21 v.                                 )
                                      )
22 EDUCATIONAL CREDIT                 )
   MANAGEMENT CORP.,                  )
23                                    )
                        Defendant.    )
24 _____  )

25        TO THE HONORABLE PETER BOWIE, UNITED STATES BANKRUPTCY JUDGE,
26 PLAINTIFF PAUL HUPP ("Plaintiff"), PRO SE, AND EDUCATIONAL CREDIT
27
28                                        1

1 | MANAGEMENT CORPORATION ("Defendant"), BY TIMOTHY P. BURKE :

2 |     PLEASE TAKE NOTICE that the United States of America files its opposition to

3 | Plaintiff's omnibus motion of May 16, 2007. This opposition is based upon the points and

4 | authorities attached hereto.

5 |     WHEREFORE, the United States respectfully requests that this court deny, in its entirety,

6 | Plaintiff's omnibus motion for relief.

7 |

8 | DATED:   May 31, 2007

9 |                           By:     /s/ J. Reed Clay, Jr.

10 |                                       J. REED CLAY, JR.
Trial Attorney
PETER KEISLER

11 | Assistant Attorney General
J. CHRISTOPHER KOHN

12 | TRACY J. WHITAKER

13 | Attorneys for:
The UNITED STATES OF AMERICA

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |                       2

1   J. REED CLAY, JR.
    Trial Attorney
2   PETER KEISLER
    Assistant Attorney General
3   J. CHRISTOPHER KOHN
    TRACY J. WHITAKER
4   1100 L Street NW
    Rm. 10038
5   Washington, DC 20005

6   Corporate / Financial Litigation Section
    Commercial Litigation Branch
7   Civil Division
    U.S. Department of Justice
8   P.O. Box 875
    Ben Franklin Station
9   Washington, DC 20044
    (202) 307-0958

10

    Attorneys for:
11  UNITED STATES OF AMERICA

12              UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF CALIFORNIA
13

14  In re                          )   Case No. 06-00198-JM7
                                    )   Adv. No. 06-90127-JM7
15  PAUL HUPP,                      )
                                    )   **OPPOSITION TO PLAINTIFF'S**
                                    )   **OMNIBUS MOTION (filed May 16,**
16          Debtor.                 )   **2007)**
                                    )
17                                  )
                                    )
18  _____)
                                    )
19  PAUL HUPP,                      )
                                    )
20          Plaintiff,              )
                                    )
21  v.                              )
                                    )
22  EDUCATIONAL CREDIT              )
    MANAGEMENT CORP.,               )
23                                  )
            Defendant.              )
24  _____)

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## Introduction

Plaintiff's motion is untimely and unjustified. The court should not countenance the plaintiff's inappropriate effort to greatly expand the scope and alter the nature of this litigation on the eve of the plaintiff's own motion for summary judgment. The constitutional issues in this case have been fully briefed and should be disposed of at the June 22 hearing on plaintiff's Motion for Summary Judgment.

## II.

## Withdrawal is untimely and unjustified

The district court may, *upon timely motion*, withdraw any case or proceeding pending before the bankruptcy court for cause shown. 28 U.S.C. § 157(d). However, this motion is untimely. Plaintiff has had ample opportunity to seek withdrawal of this case in the one year since he filed his complaint. Instead, he has chosen to wait until the eve of the hearing on his motion for summary judgment to seek withdrawal. Furthermore, the plaintiff has shown no cause as to why this proceeding should be withdrawn.

## III.

## Equitable relief is not necessary.

The plaintiff's requests for declarative and injunctive relief are redundant. Plaintiff has already sought a determination that § 523(a)(8) is unconstitutional. Similarly, his motion for summary judgment intimated that the imposition of collection costs (authorized by 20 U.S.C. § 1091a and implemented by 34 C.F.R. § 682.410) is unconstitutional. If this court were to determine that § 523(a)(8) or the imposition of collection costs is unconstitutional, no further relief would be needed.

Furthermore, to the extent that the plaintiff seeks a declaratory judgment that the regulations which afford student loan debtors flexibility in repaying their student loan debt (34

1   C.F.R. §§ 682.208, 682.209, 682.210, 682.211, 682.405) are unconstitutional,[1] the plaintiff

2   would be required to amend his complaint.  No such request has been made.  To the extent his

3   motion is determined to be such a motion, it should be denied for the reasons set forth below,

4   *infra* V.

5

6                                                      **IV.**

7                                      **A class action is untimely.**

8            Converting this proceeding to a class action would greatly alter the nature and expand the

9   scope of this litigation.  Making such a request, on the eve of a hearing scheduled to dispose of

10  his own motion for summary judgment, is unequivocally untimely.  Furthermore, plaintiff's

11  request would require him to amend his complaint.  As discussed below, *infra* V, such a request

12  would be untimely and prejudicial.

13                                                      **V.**

14          **Plaintiff's request to amend his complaint is untimely and prejudicial.**

15          Plaintiff requests leave to amend his complaint to add Secretary Margaret Spellings as a

16  defendant in this case.  Additionally, as noted above, other relief sought in his motion would

17  require him to amend his complaint.  However, plaintiff's requests are untimely and would be

18  prejudicial, if granted.  Plaintiff filed this adversary proceeding over a year ago and filed his

19  motion for summary judgment over 6 months ago.  Plaintiff's proposed amendments would

20  unfairly prejudice the other parties to this proceeding by raising numerous additional

21  constitutional questions on the eve of the hearing to resolve his motion for summary judgment.

22  See Matarazzo v. Friendly Ice Cream Corp., 70 F.R.D. 556, 558-59 (E.D.N.Y. 1976) (holding

23  that proposed amendment that would have injected new issues into the case was prejudicial).  In

24  addition, plaintiff's motion offers no proposed amendment.  He does not offer a reason why

25  _____

26  [1] The United States is at a loss as to why the Plaintiff seeks a declaratory judgment that the regulations cited

27  by the Plaintiff in his motion (those implementing various aspects of the federal student loan program) are
    unconstitutional.  Those provisions are decidedly pro-debtor.  As noted in its Memorandum in support of its
    opposition to the Plaintiff's motion for summary judgment, those provisions allow student loan debtors great

28  flexibility in the repayment of their federal student loan obligations.

1  Secretary Spellings should be a named defendant. Nor does he explain the way in which the

2  federal regulations he opposes are unconstitutional. Such vagueness is not consistent with the

3  notice pleading requirements of the Federal Rules of Civil Procedure. Put simply, the United

4  States has not been given fair notice of the proposed amendments. See id. at 559 ("The Court . . .

5  is interested in whether the defendant has been given fair notice in the original complaint of the

6  potential claims set forth in the proposed amendment . . . .").

7

8                                      **VI.**

9                                 <u>**Conclusion**</u>

10        For the reasons set forth above, the United State respectfully requests that this Court

11  deny, in its entirety, Plaintiff's omnibus motion for relief.

12

13  Dated:  <u>May 31, 2007</u>

14                              By:  <u>   /s/ J. Reed Clay, Jr.   </u>
                                        J. REED CLAY, JR.
15                                      Trial Attorney
                                        PETER D. KEISLER
16                                      Assistant Attorney General
                                        J. CHRISTOPHER KOHN
17                                      TRACY J. WHITAKER

18                                      Attorneys for:
                                        The UNITED STATES OF AMERICA

19

20

21

22

23

24

25

26

27

28

1   J. REED CLAY, JR.
    Trial Attorney
2   PETER KEISLER
    Assistant Attorney General
3   J. CHRISTOPHER KOHN
    TRACY J. WHITAKER
4   1100 L Street NW
    Rm. 10038
5   Washington, DC 20005

6   Commercial Litigation Branch
    Civil Division
7   U.S. Department of Justice
    P.O. Box 875
8   Ben Franklin Station
    Washington, DC 20044
9   (202) 307-0958

10  Attorneys for:
    UNITED STATES OF AMERICA

11

                    UNITED STATES BANKRUPTCY COURT
12                  SOUTHERN DISTRICT OF CALIFORNIA

13  In re                          )    Case No. 06-00198-JM7
                                   )    Adv. No. 06-90127-JM7
14  PAUL HUPP,                     )
                                   )    **NOTICE OF MOTION AND**
15              Debtor.            )    **MOTION TO STRIKE PLAINTIFF'S**
                                   )    **NOTICE OF IMPROPER** *EX PARTE*
16                                 )    **COMMUNICATION**

17  _____)

                                   )
18  PAUL HUPP,                     )
                                   )
19              Plaintiff,         )
                                   )
20  v.                             )
                                   )
21  EDUCATIONAL CREDIT             )
    MANAGEMENT CORP.,              )
22                                 )
                Defendant.         )
23  _____)

24

25      TO THE HONORABLE JAMES W. MEYERS, UNITED STATES BANKRUPTCY

    JUDGE, PLAINTIFF PAUL HUPP ("Plaintiff"), PRO SE, AND EDUCATIONAL CREDIT
26
    MANAGEMENT CORPORATION, BY TIMOTHY P. BURKE :
27
        PLEASE TAKE NOTICE that on October 29, 2007, the United States of America files its
28

1   Motion to Strike Plaintiff's Notice of Improper *Ex Parte* Communication (the "Motion"),

2   pursuant to Fed. R. Civ. P. 12(f), as incorporated into the Bankruptcy Rules by Fed. R. Bankr. P.

3   7012(f).  This Motion is based upon the factual and legal statements contained in the United

4   States' Memorandum of Points and Authorities attached hereto.

5         WHEREFORE, the United States respectfully requests that this Court grant its Motion.

6   DATED: October 29, 2007

7                    By:     /s/ J. Reed Clay, Jr.

8                          J. REED CLAY, JR.
                           PETER KEISLER

9                          J. CHRISTOPHER KOHN
                         TRACY J. WHITAKER

10                      Attorneys for:
                     The UNITED STATES OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          -2-

J. REED CLAY, JR.
Trial Attorney
PETER KEISLER
Assistant Attorney General
J. CHRISTOPHER KOHN
TRACY J. WHITAKER
1100 L Street NW
Rm. 10038
Washington, DC 20005.

Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
(202) 307-0958

Attorneys for:
UNITED STATES OF AMERICA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re | Case No. 06-00198-JM7 |
|  | Adv. No. 06-90127-JM7 |
| PAUL HUPP, | |
| Debtor. | **UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' NOTICE OF IMPROPER *EX PARTE* COMMUNICATION** |
| PAUL HUPP, | |
| Plaintiff, | |
| v. | |
| EDUCATIONAL CREDIT MANAGEMENT CORP., | |
| Defendant. | |

## Introduction

On October 11, 2007, Plaintiff filed a "Notice of Improper, Bias, and Adverse *Ex Parte* Communication Between the Bankruptcy Court and United States of America Affecting

1    Summary Judgment," ("Notice"). [Docket No. 155]. Plaintiff's Notice should be struck because

2    the allegations contained in the Notice are immaterial, impertinent, and scandalous.

3    **Argument**

4         Plaintiff's Notice was not filed pursuant to any Federal or Local Rule. Nor does it seek

5    relief. Accordingly, the Notice is clearly immaterial. Moreover, the Plaintiff's assertions of

6    impropriety are as baseless as they are gratuitous.

7         To the best of the United States' understanding, Plaintiff alleges that the following

8    communications represent improper *ex parte* communication with the Court:

9    •    United States' (Ex Parte) Motion for Enlargement of Time, filed on February 16, 2007.

10        [Docket No. 89].

11   •    United States' (Ex Parte) Motion for Enlargement of Time, filed on July 25, 2007.

12        [District Court Case No. 07CV1232, Docket No. 6].

13   •    Conversations with Judge Meyers' Courtroom Deputy, regarding the (re)scheduling of a

14        hearing on Plaintiff's motion for summary judgment.

15   Pl. Notice at 2-3. None of these communications constitutes impermissible *ex parte*

16   communication. *Ex parte* communication with a party is prohibited only when it concerns the

17   merits of a pending lawsuit. Drobny v. CIR, 113 F.3d 670, 680 (7th Cir. 1997). Thus, *ex parte*

18   communications between the court and a party regarding administrative matters such as

19   scheduling issues are permissible. See id. ("[*E*]x parte communication which does not concern

20   the *merits* of the case is permissible."); In re Sch. Asbestos Litig., 977 F.2d 764, 789 (3d Cir.

21   1992) ("[*Ex parte* communications] are tolerated of necessity, however, where related to

22   non-merits issues, for administrative matters, and in emergency circumstances.").

23        Besides the fact that both of the United States' motions for an enlargement of time

24   concerned administrative matters, both were filed in accordance with specific local rules

25   governing the filing of such motions. The "United States' (Ex Parte) Motion for Enlargement of

26   Time," filed on February 16, 2007, was specifically authorized by Local Bankruptcy Rule

27

28                                          -2-

1    9006-1(f), which states that "a motion for an order extending or shortening time under the Fed.

2    R. Bankr. P. or Local Bankruptcy Rules shall be submitted ex parte pursuant to Local Bankruptcy

3    Rule 9013-6(a)(1)(F) . . . ." Local Bankr. R. 9006-1(f). Local Bankruptcy Rule 9013-6(a)(1)(F),

4    in turn, provides that a motion for an extension of time does not require notice. Local Bankr. R.

5    9013-6(a)(1)(F). Similarly, "United States' (Ex Parte) Motion for an Enlargement of Time,"

6    filed on July 25, 2007 with the District Court for the Southern District of California, was filed in

7    strict accordance with Local Rule 7.1(g)(2). Furthermore, notwithstanding the fact that the Local

8    Rules authorized both motions to be filed *ex parte*, Plaintiff was given the opportunity to file

9    responsive papers to *both* pleadings. [Docket No. 97]; [District Court Case No. 07CV1232,

10   Docket No. 10]. Thus, neither motion constitutes prohibited *ex parte* communication.

11          Similarly, the telephone conversation between counsel for the United States and this

12   court's Courtroom Deputy does not constitute improper *ex parte* communication for two reasons.

13   First, the communication covered only administrative matters (i.e., the scheduling of a hearing on

14   Plaintiff's motion for summary judgment). See Drobny, 113 F.3d at 680. Second, the

15   communication did not prejudice Plaintiff because the Court also considered his personal

16   calendar when scheduling the hearing. See Pl. Notice at 2 ("Mr. Hupp . . . requested a motion

17   [sic] date for October 2007."); Shidaker v. Carlin, 782 F.2d 746, 752 (7th Cir. 1986) ("Not every

18   ex parte communication is a procedural defect so substantial and so likely to cause prejudice that

19   it entitles the claimant to an entirely new administrative proceeding."); Sch. Asbestos Litig., 977

20   F.2d at 789 (holding that not all *ex parte* communications actually prejudice another party). This

21   court's communication with *both* parties for the purposes of rescheduling a hearing is fully

22   permitted.

23

24

25

26

27

28                                             -3-

1

## Conclusion

2    For the aforementioned reasons, the United States respectfully requests that this Court

3 grant its Motion to Strike Plaintiff's Notice of Improper *Ex Parte* Communication.

4 DATED: October 29, 2007

5                                           By:      /s/ J. Reed Clay, Jr.
                                                      J. REED CLAY, JR.
6                                                     PETER KEISLER
                                                      J. CHRISTOPHER KOHN
7                                                     TRACY J. WHITAKER

8                                                     Attorneys for:
                                                      The UNITED STATES OF AMERICA
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                          -4-

1 | J. REED CLAY, JR.
Trial Attorney
2 | PETER KEISLER
Assistant Attorney General
3 | J. CHRISTOPHER KOHN
TRACY J. WHITAKER
4 | 1100 L Street NW
Rm. 10038
5 | Washington, DC 20005

6 | Commercial Litigation Branch
Civil Division
7 | U.S. Department of Justice
P.O. Box 875
8 | Ben Franklin Station
Washington, DC 20044
9 | (202) 307-0958

10 | Attorneys for:
UNITED STATES OF AMERICA

11

 | UNITED STATES BANKRUPTCY COURT
12 | SOUTHERN DISTRICT OF CALIFORNIA

13 | In re                                   )    Case No. 06-00198-JM7
                                            )    Adv. No. 06-90127-JM7
14 | PAUL HUPP,                              )
                                            )    **NOTICE OF MOTION AND**
15 |                      Debtor.            )    **MOTION TO STRIKE PLAINTIFF'S**
                                            )    **SUPPLEMENTAL OMNIBUS BRIEF**
16 |                                         )    **SUPPORTING SUMMARY**
                                            )    **JUDGMENT**
17 | _____        )
                                            )
18 | PAUL HUPP,                              )
                                            )
19 |                      Plaintiff,         )
                                            )
20 | v.                                      )
                                            )
21 | EDUCATIONAL CREDIT                      )
MANAGEMENT CORP.,                           )
22 |                                         )
                     Defendant.             )
23 | _____        )

24

25 |         TO THE HONORABLE JAMES W. MEYERS, UNITED STATES BANKRUPTCY

26 | JUDGE, PLAINTIFF PAUL HUPP ("Plaintiff"), PRO SE, AND EDUCATIONAL CREDIT

27 | MANAGEMENT CORPORATION, BY TIMOTHY P. BURKE :

28 |         PLEASE TAKE NOTICE that on November 5, 2007, the United States of America files

1  its Motion to Strike Plaintiff's Supplemental Omnibus Brief Supporting Summary Judgment (the

2  "Motion"), pursuant to Fed. R. Civ. P. 12(f), as incorporated into the Bankruptcy Rules by Fed.

3  R. Bankr. P. 7012(f).  This Motion is based upon the factual and legal statements contained in the

4  United States' Memorandum of Points and Authorities attached hereto.

5        WHEREFORE, the United States respectfully requests that this Court grant its Motion to

6  Strike Plaintiff's Supplemental Omnibus Brief Supporting Summary Judgment and direct the

7  Plaintiff to obtain leave of this Court to file further supplemental briefs. Should the Court choose

8  to consider Plaintiff's untimely Supplemental Brief, the United States requests leave to respond

9  to the substantive issues raised by the brief.

10  DATED: November 5, 2007

11                                    By:      /s/ J. Reed Clay, Jr.
                                              J. REED CLAY, JR.
12                                            PETER KEISLER
                                              J. CHRISTOPHER KOHN
13                                            TRACY J. WHITAKER

14                                            Attorneys for:
                                              The UNITED STATES OF AMERICA

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              -2-

1   J. REED CLAY, JR.
    Trial Attorney
2   PETER KEISLER
    Assistant Attorney General
3   J. CHRISTOPHER KOHN
    TRACY J. WHITAKER
4   1100 L Street NW
    Rm. 10038
5   Washington, DC 20005

6   Commercial Litigation Branch
    Civil Division
7   U.S. Department of Justice
    P.O. Box 875
8   Ben Franklin Station
    Washington, DC 20044
9   (202) 307-0958

10  Attorneys for:
    UNITED STATES OF AMERICA

11
                    UNITED STATES BANKRUPTCY COURT
12                  SOUTHERN DISTRICT OF CALIFORNIA

13  In re                          )    Case No. 06-00198-JM7
                                    )    Adv. No. 06-90127-JM7
14  PAUL HUPP,                      )
                                    )    **MEMORANDUM OF POINTS AND**
15              Debtor.             )    **AUTHORITIES IN SUPPORT OF**
                                    )    **UNITED STATES' MOTION TO**
16                                  )    **STRIKE PLAINTIFFS'**
                                    )    **SUPPLEMENTAL OMNIBUS BRIEF**
17                                  )    **SUPPORTING SUMMARY**
                                    )    **JUDGMENT**
18  _____)
                                    )
19  PAUL HUPP,                      )
                                    )
20              Plaintiff,          )
                                    )
21  v.                              )
                                    )
22  EDUCATIONAL CREDIT              )
    MANAGEMENT CORP.,               )
23                                  )
                Defendant.          )
24  _____)

25                          **Introduction**

26      On November 27, 2006, Plaintiff filed his Motion for Summary Judgment. [Docket Nos.

27  49-54]. Pursuant to this Court's order, the briefing period on Plaintiff's Motion for Summary

28  Judgment ended on May 8, 2007. [Docket No. 100]. Before that date, Plaintiff filed a

1   supplemental brief raising additional constitutional claims. [Docket No. 103]. On October 19,

2   2007, more than five months after the briefing period ended, Plaintiff's Supplemental Omnibus

3   Brief Supporting Summary Judgment ("Supplemental Brief") was filed with this Court.

4   Plaintiff's *third* supplemental filing both raises new arguments to support his previous

5   constitutional claims and raises altogether new constitutional claims.

6

### Argument

7        Local Rule 9006-1(d) states that any "joinder asserting additional grounds must be filed

8   and served in the same period as required by these rules for the underlying motion or

9   opposition." All of the time periods prescribed by the local rules for the filing of documents in

10  support of a motion are subject to court orders. See Local Bankruptcy Rule 9013-4, 9013-5. As

11  noted above, the Supplemental Brief was filed, without leave of this Court, well beyond the date

12  briefing on Plaintiff's motion was ordered to end. Furthermore, Plaintiff's Supplemental Brief

13  raises new arguments and new claims in support of his motion for summary judgment. See 5

14  Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1194 (3d ed. 2007)

15  ("The general concern regarding a permissive attitude toward the amendment of motions is that

16  lawyers will be tempted to file them in skeletal form and rely on their ability to expand or add

17  new grounds at a later time."); cf. Planned Parenthood of Southern Arizona v. Neely, 130 F.3d

18  400, 402 (9th Cir. 1997) (Supplemental briefs "cannot be used to introduce a separate, distinct

19  and new cause of action.") (quotations omitted). Plaintiff's repeated supplemental briefs threaten

20  to hold open the briefing on his Motion for Summary Judgment indefinitely. Cf. HomeBingo

21  Network, Inc. v. Chayevsky, 428 F.Supp. 2d 1232, 1237 (S.D. Ala. 2006) ("[T]o allow such

22  evidentiary ping-pong would be tantamount to holding open the briefing on a pending motion

23  indefinitely, as each side submitted . . . supplemental brief after supplemental brief, months after

24  the underlying motion was filed."). Plaintiff should not be permitted to intermittently lob in new

25  arguments or new claims long after briefing on his own Motion for Summary Judgment was

26  ordered to end. As such, his Supplemental Brief should be struck.

27

28                                          -2-

1

## Conclusion

2          For the aforementioned reasons, the United States respectfully requests that this Court

3    grant its Motion to Strike Plaintiff's Supplemental Omnibus Brief Supporting Summary

4    Judgment and direct the Plaintiff to obtain leave of this Court to file further supplemental briefs.

5    Should the Court choose to consider Plaintiff's untimely Supplemental Brief, the United States

6    requests leave to respond to the substantive issues raised by the brief.

7    DATED: November 5, 2007

8                              By:      /s/ J. Reed Clay, Jr.
                                        J. REED CLAY, JR.
9                                       PETER KEISLER
                                        J. CHRISTOPHER KOHN
10                                      TRACY J. WHITAKER

11                                      Attorneys for:
                                        The UNITED STATES OF AMERICA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                              -3-

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

# Minute Order

**Hearing Information:**
    ADV: 06-90127

    **PAUL HUPP VS EDUCATIONAL CREDIT MANAGEMENT CORPORATIO**

|  |  |  |  |
|---|---|---|---|
| **Debtor:** | PAUL HUPP | | |
| **Case Number:** | 06-00198-JM7 | **Chapter:** 7 | |
| **Date / Time / Room:** | THURSDAY, NOVEMBER 29, 2007 02:00 PM | DEPARTMENT 1 | |
| **Bankruptcy Judge:** | JAMES W. MEYERS | | |
| **Courtroom Clerk:** | MARCIA PEARSON | | |
| **Reporter / ECR:** | COLLETTA BROOKS | | |

**Matters:**

  1)   DEFENDANT'S MOTIONS TO STRIKE

  2)   MOTION FOR SUMMARY JUDGMENT

**Appearances:**

    Timothy Burke, ATTORNEY FOR Educational Credit Management Corporatio
    Reed Clay for USA
    Paul Hupp, Plaintiff/Pro Per

**Disposition:**

    1) Defendant's motions to strike - granted

    2) Plaintiff's Summary Judgment motion and other various motions - denied

    Order to be prepared by Burke

    TRIAL DATE set for 1/17/08 @ 10 am;  parties to meet and confer by 12/14; trial brief/statement, exhibit list and
    witness list to be exchanged  1/10/08

11/29/2007   5:07:00PM

TIMOTHY P. BURKE, ESQ.  (SBN 207084)
TIMOTHY P. BURKE & ASSOCIATES
1136 Fremont Ave., Suite 108
South Pasadena, California  91030
Tel. (626) 799-8902
Fax (626) 799-8912

Attorneys for
EDUCATIONAL CREDIT MANAGEMENT CORPORATION

FILED DJ
2007 DEC 31  AM 10:24
U.S. BANKRUPTCY CI
SO. DIST. OF CALIF.

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Case No.:  06-00198 |
| | ) |
| PAUL HUPP, | ) [Chapter 7] |
| | ) |
| Debtor. | ) Adv. No.:  06-90127 |
| | ) |
| PAUL HUPP, | ) **NOTICE OF LODGEMENT OF** |
| | ) **[PROPOSED] ORDER** |
| Plaintiff, | ) |
| | ) [Fed. Bankr. Rule of Procedure 7025(c) |
| vs. | ) and 7024(a)] |
| | ) |
| UNITED STUDENT AID FUNDS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

TO THE HONORABLE JAMES MEYERS, UNITED STATES BANKRUPTCY

JUDGE AND PLAINTIFF PAUL HUPP AND ALL PARTIES OF INTEREST:

PLEASE TAKE NOTICE that pursuant to local bankruptcy rule 7054-3(b)(1), the [Proposed] Order Denying Plaintiff's Motion for Summary Judgment and Granting Defendant United States of America's Motion to Strike has been lodged with the Court and is attached hereto as Exhibit "A".

Any objections to the form and content of the proposed order must be filed with the clerk and served on the parties within five (5) days from the date of service of this notice.

DATED: December 27, 2007

Respectfully submitted,

TIMOTHY P. BURKE & ASSOCIATES
A PROFESSIONAL CORPORATION

By: _____
TIMOTHY P. BURKE
Attorneys for
Educational Credit Management
Corporation

EX. A

1   TIMOTHY P. BURKE, ESQ. (SBN 207084)
    TIMOTHY P. BURKE & ASSOCIATES
2   A PROFESSIONAL CORPORATION
    1136 Fremont Ave., Suite 108
3   South Pasadena, California 91030
    Tel. (626) 799-8902
4   Fax (626) 799-8912

5   Attorneys for
6   EDUCATIONAL CREDIT MANAGEMENT CORPORATION

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  In re                          )   Case No.: 06-00198-JM
                                   )
12  PAUL HUPP,                     )   [Chapter 7]
                                   )
13          Debtor.                )   Adv. No.: 06-90127-JM
14                                 )
    _____  )
15                                 )   [PROPOSED] ORDER GRANTING
    PAUL HUPP,                     )   DEFENDANT UNITED STATES OF
16                                 )   AMERICA'S MOTION TO STRIKE AND
            Plaintiff,             )   DENYING PLAINTIFF'S MOTION FOR
17                                 )   SUMMARY JUDGMENT
        vs.                        )
18                                 )
    UNITED STATES AID FUNDS, INC., )
19                                 )
20          Defendants.            )
                                   )
21                                 )
                                   )
22                                 )
                                   )
23                                 )
                                   )
24                                 )
                                   )
25  _____  )

26

27

28

                                        1
                        CASE NO. 06-00198-JM / ADV NO. 06-90127-JM
    [PROPOSED] ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STRIKE AND DENYING PLAINTIFF'S
                              MOTION FOR SUMMARY JUDGMENT
                                       1870

DEC 3 1 2007

TO THE HONORABLE JAMES MEYER, UNITED STATES BANKRUPTCY COURT JUDGE, PLAINTIFF/DEBTOR PAUL HUPP, AND ALL OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on November 29, 2007 at 10:00 a.m., a hearing was held before the Honorable James Meyers, United States Bankruptcy Court Judge, in his courtroom located at 325 "F" Street, San Diego, California, Department "1", on the Defendant United States of America's Motion to Strike and Plaintiff's Motion for Summary Judgment. Defendant Educational Credit Management Corporation appeared by and through the law offices of Timothy P. Burke & Associates by Timothy P. Burke, Esquire. All other appearances were noted on the record at the hearing.

Based upon the Motion to Strike, Motion for Summary Judgment, oppositions and replies to said Motions, oral argument, the Court's review of the records, pleadings, papers on file herein,

///

///

CASE NO. 06-00198-JM / ADV NO. 06-90127-JM
[PROPOSED] ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
1870

1    IT IS HEREBY ORDERED that Defendant United States of America's

2  Motion to Strike is granted.  Plaintiff's Motion for Summary Judgment is denied.

3

4  Dated:_____

5                                              HONORABLE JAMES MEYERS
                                               UNITED STATES BANKRUPTCY
6                                              JUDGE, SOUTHERN DISTRICT OF
                                               CALIFORNIA
7

8    Signature by the attorney constitutes a certification under Fed. R. Bank. P.

9  9011 that the relief provided by the order is the relief granted by the court.

10

11                                            Respectfully submitted,

12  DATED: December 27, 2007

                                              TIMOTHY P. BURKE & ASSOCIATES
13                                            A PROFESSIONAL CORPORATION

14                                 By: _____

15                                            TIMOTHY P. BURKE
                                              Attorneys for Plaintiff EDUCATIONAL
16                                            CREDIT MANAGEMENT
                                              CORPORATION

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 06-00198-JM / ADV NO. 06-90127-JM
[PROPOSED] ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STRIKE AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
1870

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California; I am over the age of eighteen years and am not a party to this action; my business address is 1136 Fremont Avenue, Suite 108, South Pasadena, California 91030, in said County and State. On **December 27, 2007**, I served the following document(s):

### 1. NOTICE OF LODGMENT OF [PROPOSED] ORDER

on each of the interested parties:    **SEE ATTACHED SERVICE LIST**

by the following means of service:

☒    **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at South Pasadena, California in the ordinary course of business I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE:** I provided a true copy of the above-listed document(s) to a messenger, employed by _____(COURIER SERVICE NAME)_____, along with an envelope(s) addressed to each person(s) named at the address(es) shown, and gave that document(s) to a messenger for personal delivery before 5:00 p.m. on the above-mentioned date.

☐    **BY FACSIMILE:** On_____ 2006, from South Pasadena, California, I caused each such document to be transmitted by facsimile machine, to the parties and numbers on the attached Service List. To the best of my knowledge, the transmission was reported as complete, and no error was reported by the facsimile machine. A copy of the transmission record is maintained by our office.

☐    **BY FEDERAL EXPRESS OR UNITED STATES POSTAL EXPRESS MAIL:** On the above-mentioned date, I placed a true copy of the above mentioned document(s), in a sealed envelope or package designated by either Federal Express or the United States Postal Service with delivery fees paid or provided for, addressed to the person(s) as indicated above and deposited same in a box or other facility regularly maintained by Federal Express or the United States Postal Service or delivered same to an authorized courier or driver authorized by Federal Express or the United States Postal Service to receive documents.

☒    I am employed by TIMOTHY P. BURKE & ASSOCIATES, A Professional Corporation, TIMOTHY P. BURKE, Esq., is a member of the bar of this court.

☐    **(STATE)**        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒    **(FEDERAL)**    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **December 27, 2007**.

_____

TIMOTHY P. BURKE

## SERVICE LIST

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

**IN RE:  PAUL HUPP**
**PAUL HUPP vs. UNITED STATES AID FUNDS, INC.**
<u>**CH 7 CASE NO.  06-00198-PB / ADV NO 06-90127**</u>

<u>PLAINTIFF IN PRO SE</u>
PAUL HUPP
965 HIDDEN OAKS DRIVE
BEAUMONT, CA. 92223

J. REED CLAY JR., ESQ.
U.S. DOJ/CIVIL DIVISION
P.O. BOX 875 BEN FRANKLIN STATION
WASHINGTON, D.C., 20044

ENTERED Jan 9, 08

FILED

JAN - 9 2008

CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re | Bankruptcy No. 06-00198-M7 |
|---|---|
| PAUL HUPP, | Adversary No. 06-90127-M7 |
| Debtor. | |
| PAUL HUPP, | |
| Plaintiff, | |
| v. | ORDER |
| EDUCATIONAL CREDIT MANAGEMENT CORP., | |
| Defendant. | |

After review of the proposed order lodged by Timothy Burke on December 31, 2007, and the objection filed by Paul Hupp on January 2, 2008, the Court issues this Order in lieu of the proposed order lodged by Mr. Burke.

After a hearing on November 29, 2007, and for the reasons stated orally on the record;

IT IS ORDERED that:

1) Intervenor United States of America's Motion to Strike Plaintiff's supplemental omnibus brief is granted;

2) Plaintiff's Motion for Summary Judgment is denied;

3) Trial in this proceeding is scheduled to begin at 10:00 a.m. on January 17, 2008.  The trial is limited to the issue of undue hardship under 11 U.S.C. § 523(a)(8).  Plaintiff bears the burden to prove that excepting the debt he owes to Defendant from his discharge would impose an undue hardship on the Plaintiff as that term has been defined by relevant case law in this Circuit.

4) Plaintiff and Defendant shall meet and confer by December 14, 2007, and file and exchange trial briefs, witness and exhibit lists and statements of issues by January 10, 2008.

Dated:  JAN 09 2008

JAMES W. MEYERS, Judge
United States Bankruptcy Court

2

CSD 1195 [12/04/00]

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re    Bankruptcy No. 06-00198-M7, 06-90127-M7

### CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

### ORDER

was enclosed in a sealed envelope bearing the lawful frank of the bankruptcy judges and mailed to each of the parties at their respective addresses listed below:

PAUL HUPP, 965 Hidden Oaks Drive, Beaumont, Ca. 92223
Timothy Burke, 1136 Fremont Avenue, Suite 108, So. Pasadena, Ca. 91303,

Said envelope(s) containing such document was deposited by me in a regular United States Mail Box in the City of San Diego, in said District on _4/9/08_.

_____, Deputy Clerk
Marcia Pearson

CSD 1195