# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL HUPP,<br><br>                      Plaintiff,<br>  vs.<br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION,<br><br>                      Defendant. | CASE NO. 08-CV-0414 H (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S REQUEST FOR AN ORDER DIRECTING THE PRODUCTION OF TRANSCRIPTS** |

      On February 26, 2008, Plaintiff filed a notice of appeal in his bankruptcy case number 06-198-JM7, Adversary No. 06-90127-JM. (See Doc. No. 1.) On April 17, 2008, the Court issued a scheduling order directing briefing. Pursuant to that Order, Plaintiff's appellate brief is due on May 16, 2008. On April 23, 2008, Plaintiff filed a motion for an order directing the production of all the transcripts in his bankruptcy case. (Doc. No. 18.) Plaintiff requests that the Court grant an extension of time permitting Plaintiff to file his appellate brief 30 days after Plaintiff's receipt of such transcripts. (Id.)

      The Court denies both requests. Pursuant to 28 U.S.C. § 1915(c), a court may order the United States to bear (1) the costs of preparing the record on appeal "if such printing is required by the appellate court," and (2) the costs of preparing a transcript of certain proceedings "if such transcript is required by the district court." In this case Plaintiff is appealing a final written decision of the bankruptcy court disposing of matters that were fully briefed in writing by all sides. The Court

1  concludes that no transcripts are necessary and therefore declines to order their production, at the
2  government's cost or otherwise.
3       The Court also denies Plaintiff's request for an extension of time. The scheduling order issued
4  on April 17, 2008 shall remain in place.
5       Finally, the Court notes that on April 21, 2008, the bankruptcy court issued a notice that
6  Plaintiff has failed to provide copies of all designated pleadings and documents pursuant to Rule 8006
7  of the Federal Rules of Bankruptcy Procedure. (Doc. No. 17.) The Court does not view this as an
8  impediment to the timely prosecution of this appeal. As the Court noted in its April 17, 2008 order,
9  this Court will treat the designations of record filed by the parties in the bankruptcy court as the
10  parties' designations of record in this Court. Via PACER this Court is able to view all documents that
11  are a part of the docket in Plaintiff's bankruptcy case and adversary proceeding.
12  IT IS SO ORDERED.
13  DATED: April 24, 2008
14
15                                                 MARILYN L. HUFF, District Judge
                                               UNITED STATES DISTRICT COURT
16
17
18  COPIES TO:
    All parties of record.
19
20
21
22
23
24
25
26
27
28