Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@sdsualumni.org
(951) 769-1268
*Plaintiff-Appellant*
*In Propria Persona*

FILED
2008 JUN -2 PM 2: 32
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ /ky/ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Paul Hupp,

    Plaintiff, Appellant

vs.

Educational Credit Management Corporation,
    Defendant, Appellee

) Case No.: 08-cv-00414-H
)
) {BK No.: 06-00198-JM7}
) {Adv. Pro. No.: 06-90127-JM7}
)
)
)
) **PLAINTIFF PAUL HUPP'S OBJECTION**
) **TO USA'S MOTION FOR EXTENSION**
) **OF TIME**
)
)
)
)

I.
Introduction

TO THE HONORABLE MARILYN LOUISE HUFF, UNITED STATES DISTRICT COURT JUDGE, EDUCATIONAL CREDIT MANAGEMENT CORPORATION ("ECMC"), UNITED STATES OF AMERICA ("USA") AND COUNSEL OF RECORD:

    Plaintiff Paul Hupp ("Plaintiff/Mr. Hupp") hereby files his objection to USA's Motion for Extension of Time.

///

///

///

///

II.
Argument

On May 29, 2008 USA has filed a request for extension of time based on four (4) factors:

1) Failure to receive a copy of Mr. Hupp's Opening Brief on Appeal;

2) The amount of time it takes to process USA's mail due to security screening;

3) A prior business engagement;

4) The number of issues to respond to.

**First**, Mr. Hupp filed his brief per the Court's April 17, 2008 Scheduling Order. How, and when, documents are posted is beyond the control of Mr. Hupp. The documents were received by the Court on the due date-May 16, 2008. Furthermore, if Mr. Clay did not receive the documents in a timely manner he could have contacted Mr. Hupp or the Court for assistance. Mr. Hupp would have emailed copies of any document Mr. Clay needed. Mr. Clay did not ask for such assistance from Mr. Hupp, and it appears he did not ask the Court either.

**Second**, the amount of time it takes for the Department of Justice ("DOJ") to process their mail is beyond the control of Mr. Hupp. Furthermore, this is not new or novel. The security measures have been in place for years. Mr. Clay knew about the security delay. Mr. Clay had plenty of time to make arrangements for any document he needed far in advance of any delay that may occur due to DOJ security measures.

**Third**, Mr. Clay may indeed have a prior business engagement, the question is why did he wait until May 29, 2008 to file the motion for extension of time when he was aware of the Court's April 17, 2008 scheduling order, a 42 day delay.

This is not the first time Mr. Clay made a last minute request for extension of time when he could have done so weeks/months earlier (*see* Plaintiff's Opening brief, P:8-9, L:22-25, 1-4,

-2-   Paul Hupp
Objection To USA's Motion For Extension of Time

1  were denied. Mr. Hupp had the exact same problems Mr. Clay is now having; yet he had no extra

2  time and nowhere near the available resources Mr. Clay has.

3      Fair is fair, and the same rules should apply to both parties.

4  DATED: May 29, 2008

                                                      Paul Hupp
                                                      965 Hidden Oaks Drive
                                                      Beaumont, CA. 92223
                                                      Paulhupp@sdsualumni.org
                                                      (951) 769-1268
                                                      *Plaintiff-Appellant*
                                                      *In Propria Persona*