Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@sdsualumni.org
(951) 769-1268
*Plaintiff-Appellant*
*In Propria Persona*

FILED
08 JUL 30 PM 3: 14
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul Hupp,<br><br>　　　　Plaintiff, Appellant<br><br>vs.<br><br>Educational Credit Management Corporation,<br>　　　　Defendant, Appellee | Case No.: 08-cv-00414-H<br><br>{BK No.: 06-00198-JM7}<br>{Adv. Pro. No.: 06-90127-JM7}<br><br>**PLAINTIFF PAUL HUPP'S THIRD *EX PARTE* MOTION TO BE ALLOWED ELECTRONIC CASE FILING (ECF)** |

I.
<u>Introduction</u>

Plaintiff Paul Hupp hereby requests leave from the Court to be added onto the electronic case filing system (ECF). There have been two (2) orders originated by this court, both had supposedly been served through the U.S. Mail, Mr. Hupp received neither. Mr. Hupp had to write to the Clerk for copies, which came more than two (2) weeks after the first order was issued, prejudicing his case.

This is Plaintiff's third (3) request.

///

## II.
### Argument

In an order dated July 23, 2008, Judge Huff denied plaintiff's second request to be added to the ECF system on the basis that plaintiff:

> "...failed to comply with section 2(b) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual" which requires a pre se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating [his] equipment and software capabilities in addition to agreeing to follow all the rules and policies in the CM/ECF Administrative Policies and Procedures Manual".
>
> The Court concludes that Plaintiff's second ex parte motion also fails to comply with those requirements. Plaintiff's motion, which simply states that Plaintiff "requests leave from the court to be added onto the electronic case filing system," fails to state Plaintiff's equipment and software capabilities and does not state Plaintiff's agreement to follow all the rules and policies in the CM/ECF Administrative Policies and Procedures Manual." (Order dated July 23, 2008, Page 1, LL 17-28).

Plaintiff does not know what brief the Court was reading when this order was entered, but it certainly was not the one submitted by Plaintiff on May 28, 2008, so let Plaintiff state EXACTLY what his second motion for ECF stated:

## II.
### Certification By Plaintiff

> **Plaintiff hereby certifies he has read and agrees to the Court's ECF Administrative Policies and Procedures Manual, including Section 2. b (regarding *Pro Se* litigants). Plaintiff also certifies that he has access to the equipment and software needed for ECF. (Plaintiff's May 28, 2008 Motion, Page 2 LL 3-6, BOLD added).**

Now if that does not cover all the bases nothing does. This statement covers all the requirements in the Administrative Policies and Procedures Manual very clearly. Plaintiff has to wonder why he has not been added onto the ECF system when ALL the other parties are, and all

the other parties are promptly notified of filed papers, and all the other parties have the advantage of such prompt notification.

In addition, Plaintiff has clearly stated ECF has more advantages than just "briefing and filings" (Order dated July 23, 2008, Page 2, L 3), it has the advantage of instant notification of papers as well as no chance of such notification getting lost in the mail (or not being mailed at all) which has already happened on two (2) occasions in this appeal-both prejudicing Plaintiff's case by cutting down his response time.

### III
### Conclusion

Plaintiff requests that he be added forthwith to the EFC system, and that such an order be entered before the decision is rendered in this case.

Being added to the ECF system after the decision is entered defeats the purpose of being on the ECF system and receiving prompt notification of papers filed in the case, just as Plaintiff not being added to the ECF system in time to file his opening and closing briefs despite the second motion for ECF access being filed 18 and 32 days prior. Plaintiff is entitled to every single advantage USA and ECMC has in this case, and plaintiff requests for the third time to have the same playing field as the opposition does in this action.

DATED: July 26, 2008

/s/ Paul Hupp
Paul Hupp
965 Hidden Oaks Drive
Beaumont, CA. 92223
Paulhupp@sdsualumni.org
(951) 769-1268
*Plaintiff-Appellant*
*In Propria Persona*

## DECLARATION OF SERVICE

I, Aristea Hupp, declare the following;

1. I am over 18 years of age,
2. I am not a party to this action,
3. My address is P.O. Box 91 Solana Beach, CA. 92075
4. I served a true and correct copy of THE FOLLOWING;

Plaintiff Paul Hupp's

1. **PLAINTIFF PAUL HUPP'S THIRD *EX PARTE* MOTION TO BE ALLOWED ELECTRONIC CASE FILING (ECF)**

ADDRESSED TO;

The United States District Court-Clerk
880 Front Street, Suite 4290
San Diego. CA. 92101-8900

Mr. Timothy P. Burke, Esq.
Timothy P. Burke and Associates
1136 Fremont Street
Suite 108
South Pasadena, California 91030

Mr. John Reed Clay, Jr., Esq.
U.S. Department of Justice
1100 L Street, NW, RM. 10038
Washington, D.C. 20005

By placing said document into the United States Postal Service at Beaumont, CA. with the postage fully prepaid on;

Saturday, July 26, 2008

EXECUTED ON:
Saturday, July 26, 2008

I declare under penalty of perjury of the laws of the State of California and the United States that the forgoing is true and correct.
Declarant-Aristea Hupp_____/s/ Aristea Hupp